## St. Peter's Evangelical Lutheran Church et al. v. Kleinfelter.

*Cemeteries—Desecration of graves—Piling up of gravestones—Use of grounds as a garage—Parties—Equity.*

1. A court of equity has power to intervene to prevent the desecration of graves in a burial ground.

2. The remedy is in the protecting power of the court, operating by its injunction to preserve the repose of the ashes of the dead and the religious sensibilities of the living.

3. Where an ancient burial ground in which historic personages and prominent members of the community have been buried, is being desecrated by the piling of the gravestones in a corner and the use of the grounds as a garage, any church, patriotic organization or person or persons of the community may appear as joint parties plaintiffs in a bill in equity to restrain the desecration.

Bill in equity for an injunction. C. P. Dauphin Co., Equity Docket No. 703.

*Earnest & Milnor* and *John R. Geyer*, for plaintiffs.

*James G. Hatz* and *George R. Barnett*, for defendant.

Fox, J., July 12, 1926.—The plaintiffs filed their bill, to which an answer preliminarily objecting to the same was filed, upon which argument was had. Whereupon leave was granted to the plaintiffs to amend, and an amended bill was filed on March 20, 1926. The objections to the amended bill are the same as some of these to the original bill.

We have before us for our disposition these latter objections, which are as follows:

1. The bill shows on its face that none of the plaintiffs in the bill are entitled to the relief prayed for in the bill.

2. Plaintiffs' bill does not include as an exhibit to the bill a copy of the material parts of the written instruments referred to in paragraph 12 of the

St. Peter's Evangelical Lutheran Church et al. *v.* Kleinfelter.

bill and in other paragraphs of their bill upon which plaintiffs rely for recovery, as required by Equity Rule No. 34.

3. The bill contains irrelevant matter (quoting the same).

4. The facts in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 are so insufficiently averred that it is impossible for the defendants to make an adequate answer to plaintiffs' claim.

5. There is more than one plaintiff, and the causes of action included in plaintiff's bill are not joint, as required by Equity Rule No. 36.

We shall take up these objections in their order.

1. We do not find that the bill shows on its face that none of the plaintiffs is entitled to the relief prayed for. The averments here are the desecration of a burial-ground, which was such for generations. The bill avers that it was dedicated about 1760, to be known as the German Lutheran Burial Ground, and that it was known as such from that time on by the members of the German Lutheran Church of the town as well as by other citizens of the community who interred their dead therein and marked the graves with suitable headstones and markers. It may not be straining the language of the bill too far to find that it avers that it was a public burial-ground. We think all of the plaintiffs in the bill are entitled to relief.

In the case of Kitchen *v.* Wilkinson, 26 Pa. Superior Ct. 75, the court, at page 80, said: "Decent burial is the right of every one. It is a right springing from the necessities of the case and is recognized in all well-ordered communities. Considerations of propriety and public health require that the dead be decently disposed of."

In the case of In re Girard, 5 Pa. Law Jour. Reps. 68, the court, at page 73, said: "Is there not that in our laws which guarantees the security of the sepulchre? If any person in mere wantonness should break into the grave and take away the body, the criminal law would furnish a remedy. And it would even act in a preventive manner. In cases like the present, however, the law has furnished no remedy.

"It is proper, therefore, that a court of chancery should provide a remedy. Where a person was buried in a common burying-ground, where the title did not pass, the law did not furnish a remedy in reference to a removal; but a chancellor would intervene to prevent the desecration of the grave, otherwise bloodshed and violence would be the consequence." And in the same case Mr. Dallas quotes the language of Judge Story as saying: "That the remedy must be sought, if at all, in the protecting power of a court of chancery, operating by its injunction to preserve the repose of the ashes of the dead and the religious sensibilities of the living."

It is averred in the bill that the St. Peter's Evangelical Lutheran Church is the successor of the German Lutheran Church and exercised charge and control over this burial-ground; that the Swatara-Pine-Ford Chapter of the Daughters of the American Revolution, located in Middletown, is formed, *inter alia*, for the purpose: "To perpetuate the memory and spirit of the men who achieved the American Independence, etc.;" that the Middletown Chapter of the Sons of the American Revolution is a patriotic society existing in Middletown and formed, *inter alia*, "To perpetuate the memory of the men who, by their services or sacrifices during the war of the American Revolution, achieved the independence of the American people; to acquire and preserve the records of the individual services of the patriots of the war;" that Sarah C. Starr is a resident of Middletown and is a lineal descendant of Captain John Myers, who was buried in the burial-ground.

St. Peter's Evangelical Lutheran Church et al. v. Kleinfelter.

If it is true, and we think it is as Judge Story is quoted above as having said, that the remedies must be found in the protecting power of the court of chancery, operating by its injunction to preserve the repose of the ashes of the dead and the religious sensibilities of the living, then the St. Peter's Evangelical Lutheran Church is a proper plaintiff in this case; and if it be true, as Judge King said, "that a chancellor would intervene to prevent the desecration of the grave, otherwise bloodshed and violence would be the consequence," then we think it follows that any church, patriotic organization or person of the community could appear as a plaintiff in a court of equity seeking for such intervention and ask for an injunction against the desecration of the graves of the dead.

In the case of Wormley v. Wormley, 3 L. R. A. (N. S.) 481, in which this subject is quite fully discussed and many authorities cited, at page 485, it is said: "Equity will vigilantly guard the sepulchres of the dead and the memorials erected over them by kindred and friends; since the law does not provide an adequate remedy. Relief, in such cases, may be sought by a committee of a religious society in possession of the burial-place, by a lot owner or his heirs, or even by residents of the neighborhood who have friends buried in the cemetery."

In the case of Anderson v. Acheson, 110 N. W. Repr. 335 (339), where also the subject is quite fully discussed, the court said: "Pennsylvania, with a refined and elevated sense of what is due to both the dead and the living, has forbidden by statute the opening of streets, lanes, alleys or public roads through a burial-ground or cemetery, and has provided a penalty for wilful injuries done to graveyards, not only to the tombstones, the fence railings, but even to the 'shrub and plants' which bereaved love cultivates in such places. The sentiment is sound, and has the sanction of mankind in all ages, which regards the resting-place of the dead as hallowed ground, not subject to the laws of ordinary property, nor liable to be devoted to common uses."

It is true there is no privity between the plaintiffs, but they are seeking to avert an injury common to all of them, to wit, the desecration of a burial-ground, which is their sole cause of action, and a bill will lie at the instance of all joining: Riley v. Pennsylvania Co., 32 Pa. Superior Ct. 579. The averment of the bill is that they are all interested in the same subject, which is the desecration of the graves in this burial-ground, and they all are seeking the same object, to wit, the restraint of the defendant from so continuing to do. This objection must be overruled.

2. Paragraph 1 refers to the incorporation of the first-named plaintiff in the bill, and states the record of its incorporation and the amendment thereof by the order of this court, giving reference to the record thereof. If those matters should hereafter appear to be material parts of the written instruments referred to in paragraph 1 of the bill, or in other paragraphs of the same, the court will direct the plaintiff to amend the same accordingly.

3. We do not think that the bill contains irrelevant matter as set forth in this objection. It shows the connection between the German Lutheran Church and the first-named plaintiff, the St. Peter's Evangelical Lutheran Church; it shows an object of the Chapter of the Daughters of the American Revolution to be the perpetuation of the memory and spirit of the men and women who achieved the American Independence as soldiers and patriots in the American Revolution. The same is averred with respect to the Middletown Chapter of the Sons of the American Revolution; that Sarah C. Starr is a lineal descendant of Captain John Myers, who is buried in this burial-ground; that the particular tract of land was owned by George Fisher and set aside

St. Peter's Evangelical Lutheran Church et al. v. Kleinfelter.

and dedicated as a burial-ground by him, to be known as the German Lutheran Church Burial Ground; that it was at once accepted by the members of the church existing at the time as well as by other citizens of the community as a burial-ground, and they therein interred their dead and marked their graves with suitable headstones and markers; that therein are interred a large number of deceased persons, including many prominent citizens of the community and about seven soldiers of the American Revolution; that the burial-ground was filled and was supplemented by additional land adjoining the German Lutheran Church, which was likewise filled with bodies of deceased persons; that thereafter the defendant, having possession of this ancient burial-ground, removed therefrom practically all of the headstones, piled them in a corner of the lot, and has occupied and is now occupying said land, or a part thereof, as a garage, etc. This objection cannot be sustained.

4. For reasons given in No. 3, this objection cannot be sustained.

5. For the reasons we have given in disposing of No. 2, and upon the authority of Riley v. Pennsylvania Co., 32 Pa. Superior Ct. 579, this objection cannot be sustained.

Wherefore we are of the opinion that all of the preliminary objections to the plaintiffs' bill, as amended, should be dismissed, with the provision that if at any time it should appear that any written instruments referred to therein are material parts and relied upon, it will be directed that the bill be amended accordingly.

And now, July 12, 1926, upon due consideration, it is hereby ordered, adjudged and decreed that the preliminary objections to the plaintiffs' bill, as amended, be dismissed.

From Homer L. Kreider, Harrisburg, Pa.